J-S25009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRY ALLAN ABBEY | : | |
| | : | |
| Appellant | : | No. 4 WDA 2022 |

Appeal from the PCRA Order Entered November 30, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000446-1999

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY BENDER, P.J.E.:　　　　　　　**FILED: AUGUST 1, 2022**

Appellant, Terry Allan Abbey, appeals from the post-conviction court's November 30, 2021 order denying, as untimely, his fourth petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546.  Appellant argues that the court erred by dismissing his petition where he has met a timeliness exception based on our Supreme Court's holding in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017).[1]  Additionally, Appellant's counsel, William J. Hathaway, Esq., has filed a ***Turner/Finley***[2] 'no-merit' letter and a petition to withdraw from representing Appellant, to which Appellant has not

---

[1] We recognize that ***Muniz*** has been abrogated, in part, by our Supreme Court in ***Commonwealth v. Santana***, 266 A.3d 528, 536 (Pa. 2021) (rejecting ***Muniz's*** suggestion that the federal Constitution requires a defendant to prove that he is, in fact, disadvantaged by a retroactively-applied law for it to be deemed *ex post facto*).

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

responded. After careful review, we grant counsel's petition to withdraw and affirm the order denying Appellant PCRA relief.

The PCRA court summarized the pertinent history of Appellant's case, as follows:

> On April 22, 1999, Appellant entered counseled and negotiated pleas of *nolo contendere* to one count each of attempted rape, indecent assault, and corruption of minors. Appellant also entered similarly counseled and negotiated pleas for two counts of involuntary deviate sexual intercourse. These convictions arose from Appellant's inappropriate sexual contact with his stepdaughter who was between the ages of five and eight at the time of these offenses.
>
> This PCRA court served as the trial court for Appellant's sentencing hearing, and, on June 2, 1999, sentenced Appellant to an aggregate [term] of 16 years to 65 years of incarceration. These sentences are in the standard ranges of the Sentencing Guidelines.
>
> On July 1, 1999, Appellant filed a counseled notice of appeal. On August 13, 1999, this notice of appeal was discontinued after Appellant's counsel filed a praecipe to discontinue [the] appeal with the Pennsylvania Superior Court at 1091 WDA 1999.
>
> On March 6, 2007, Appellant filed his first *pro se* PCRA [petition]. This PCRA court appointed PCRA counsel who submitted a "no-merit" letter and a petition for leave to withdraw as counsel. On March 21, 2007, this PCRA court issued a [Pa.R.Crim.P. 907] notice of its intent to dismiss Appellant's first PCRA [petition].
>
> On April 18, 2007, this PCRA court dismissed Appellant's first PCRA [petition] and granted PCRA counsel leave to withdraw representation of Appellant. Appellant then filed an appeal with the Pennsylvania Superior Court [from] the dismissal of his first PCRA [petition]. The Pennsylvania Superior Court then affirmed [the] dismissal of Appellant's first PCRA [petition] on January 3, 2008, concurring with the PCRA court's determination that appellate issues were waived for failure to file a court-ordered [Pa.R.A.P.] 1925(b) concise statement of [errors] complained of on appeal. **See Commonwealth v. Abbey**, 947 A.2d 820 (Pa. Super. 2008) ([unpublished memorandum]).

- 2 -

After ten years with no subsequent filings from Appellant, Appellant filed on March 7, 2018, a "*Pro Se* Petition to Correct and/or Modify Unconstitutional Sentence Pursuant to … *Muniz*…," which this court considered as Appellant's second *pro se* PCRA [petition]. This PCRA court again appointed PCRA counsel who filed a supplemental PCRA. The Commonwealth filed its response.

On June 1, 2018, this PCRA court issued a [Rule 907] notice of [its] intent to dismiss Appellant's second *pro se* PCRA [petition] as untimely after finding: (1) the underlying sentence became final, at the latest, on August 13, 1999, when direct review was concluded by discontinuance of the appeal, and (2) the 42 Pa.C.S. [§] 9545(b)(iii) timeliness exception did not apply because, as stated by the Pennsylvania Superior Court in ***Commonwealth v. Murphy***, 180 A.3d 402 (Pa. Super. 2018), the Pennsylvania Supreme Court had not held [that] … ***Muniz*** … applied retroactively. This PCRA court also determined Appellant failed to satisfy the mandates of ***Commonwealth v. Lawson***, 549 A.2d 107, 112 (Pa. 1988) [("[a] repetitive or serial petition may be entertained only for the purpose of avoiding a demonstrated miscarriage of justice, which no civilized society can tolerate"),] and its progeny with regard to Appellant's burden of proof in subsequent PCRA petitions.

On June 28, 2018, this PCRA court dismissed Appellant's second *pro se* PCRA [petition]. No appeal was filed from the order dismissing this second *pro se* PCRA [petition].

On August 21, 2018, Appellant was paroled at this docket.

On September 25, 2019, Appellant filed his third *pro se* PCRA [petition]. Therein, Appellant indicated he wanted to withdraw his pleas or, alternatively, be resentenced. The Commonwealth filed a response indicating the PCRA was untimely by approximately nineteen (19) years, and no exception to the timeliness rule applied. Moreover, assuming *arguendo* [that] said PCRA [petition] was timely, the Commonwealth asserted [that] Appellant failed to satisfactorily demonstrate any ineffectiveness [that] rendered the pleas involuntary.

On December 20, 2019, this PCRA court issued notice of [its] intent to dismiss the third *pro se* PCRA [petition], dated September 25, 2019.

\*\*\*

- 3 -

On March 9, 2020, for the reasons set forth in the original and revised notices of intent to dismiss, this PCRA court dismissed [Appellant's] third *pro se* PCRA [petition].

On August 16, 2021, Appellant filed *pro se* his fourth PCRA [petition], the dismissal of which is the issue in Appellant's instant appeal. Therein, Appellant avers his sentence is illegal and violate[s] his constitutional rights pursuant to … ***Muniz***, ***supra***. Despite having relied explicitly upon this same ***Muniz*** case in his second *pro se* PCRA [petition], Appellant claims he only recently discovered this case during a "scheduled law library" session on approximately August 6, 2021.

On August 19, 2021, this PCRA court appointed PCRA counsel[,] Attorney Hathaway[,] who, on September 15, 2021, filed a "no-merit" letter and accompanying petition for leave to withdraw as counsel. Therein, counsel advised this PCRA court that Appellant's fourth PCRA [petition] is patently untimely; no exception to the timeliness rule applies; the claim wholly lacks substantive merit; the claim was previously litigated in Appellant's second *pro se* PCRA [petition,] which was ultimately dismissed on January 29, 2020; and the claim is waived[,] as no appeal was taken from the [o]rder of January 29, 2020. While there appears to have been a clerical error with regards to these given dates, it is true that Appellant's claims in this instant[,] fourth PCRA [petition] were previously raised in Appellant's second *pro se* PCRA [petition] and were fully addressed and disposed of by this PCRA court in its June 1, 2018[] notice of intent to dismiss and subsequent order, and that Appellant never appealed said order.

On September 22, 2021, Appellant filed (1) an application for permission to file [a] *[p]ro [s]e* … response to Attorney Hathaway's no[-]merit letter, and (2) a separate motion for change of appointed counsel. On September 28, 2021, the Commonwealth … filed a response[,] concurring with the assessment of PCRA counsel, Attorney Hathaway.

On November 1, 2021, this PCRA court denied PCRA counsel Attorney Hathaway's petition for leave to withdraw, and dismissed Appellant's application for permission to file *pro se* and concurrent motion for change of appointed counsel as a hybrid filing by Appellant. On November 2, 2021, this PCRA court issued its notice of intent to dismiss Appellant's instant fourth PCRA as untimely.

This PCRA court conducted its own independent PCRA analysis, and found and concluded as follows: (1) Appellant's fourth PCRA

[petition is] patently untimely due to the underlying conviction becoming final over 20 years prior; (2) no timeliness exception applies because Appellant's claims of a newly[-]discovered fact are disingenuous, as Appellant in his second *pro se* PCRA [petition] had previously relied on the exact case he claims to have only recently discovered; and (3) the issue was waived by Appellant after he failed to appeal [from] the order dismissing his second *pro se* PCRA [petition], whereupon he would have had the opportunity to litigate said issue.

Appellant then filed a notice of appeal on November 10, 2021, and said notice was sent to his appointed PCRA counsel[,] Attorney Hathaway. In this notice of appeal, Appellant attached the order denying PCRA counsel Attorney Hathaway's petition to withdraw as counsel as the order that Appellant wished to appeal.

After receiving Appellant's notice of appeal, this PCRA court issued a [Pa.R.A.P.] 1925(b) order on November 15, 2021. No response to this order was ever filed.

On November 30, 2021, this PCRA court issued an [o]rder dismissing Appellant's fourth PCRA [petition].

On December 28, 2021, this PCRA court was served a notice of appeal of the order dismissing Appellant's fourth PCRA [petition] by Appellant's PCRA counsel Attorney Hathaway. This PCRA court then issued a second 1925(b) order for a concise statement, which was served on Appellant and on Appellant's PCRA counsel, Attorney Hathaway. Appellant's PCRA counsel Attorney Hathaway then submitted a statement of intent to file a [***Turner/***]***Finley*** ["no-merit" letter] on January 13, 2022, informing this PCRA court that no counseled concise statement would be incoming for the same reasons outlined in Attorney Hathaway's September 15, 2021, "no-merit" letter.

PCRA Court Opinion, 2/22/22, at 3-9 (citations to the record and unnecessary capitalization omitted).

On May 24, 2022, Attorney Hathaway filed with this Court an application to withdraw from representing Appellant, along with a ***Turner/Finley*** no-merit letter (reproduced identically in a second filing titled, "***Finley*** Brief"). As of the date of this writing, Appellant has not filed a *pro se* response.

We must begin by determining if Attorney Hathaway has satisfied the requirements for withdrawal.

> Counsel petitioning to withdraw from PCRA representation must proceed … under [**Turner**, **supra** and **Finley**, **supra**, and] … must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no[-] merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> ***
>
> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Instantly, we conclude that Attorney Hathaway has complied with the requirements of **Turner**/**Finley**. Specifically, in his no-merit letter and **Finley** brief, counsel details the nature and extent of his review, addresses the claim Appellant raised in his PCRA petition, and discusses his conclusion that Appellant's issue lacks merit. **See Finley** Brief at 4-7. Additionally, counsel served Appellant with a copy of the petition to withdraw and **Turner**/**Finley** no-merit letter, advising Appellant that he had the right to precede *pro se* or

with privately-retained counsel. Thus, we proceed to an independent review of Appellant's claim.

We begin by recognizing that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 1999, making his present petition, filed in 2021, patently untimely. Thus, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant averred in his *pro se* petition that he is entitled to relief under **Muniz**. In that case, our Supreme Court held that the registration requirements imposed under the original Sexual Offender Registration and Notification Act (SORNA) are punitive, and cannot be constitutionally applied to offenders who, like Appellant, committed their crimes prior to SORNA's enactment. Appellant argued in his *pro se* petition that **Muniz** constitutes a new, substantive rule of law, and that he only discovered the **Muniz** decision on August 6, 2021. Thus, he concluded that his petition was timely, and his sentence of registration requirements under SORNA are illegal and must be corrected.

Initially, Appellant's patently-untimely petition does not meet any timeliness exception. This Court has declared that "***Muniz*** cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii)" because the Pennsylvania Supreme Court has not held that ***Muniz*** applies retroactively. ***Murphy***, 180 A.3d at 405-06. Additionally, our Supreme Court has held that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." ***Commonwealth v. Watts***, 23 A.3d 980, 987 (Pa. 2011). Even if ***Muniz*** could constitute a 'new fact,' Appellant has not demonstrated that he raised this claim within one year of the date it could have first been presented, as required by section 9545(b)(2). ***Muniz*** was decided in 2017, and Appellant's present petition was not filed until 2021. Clearly, Appellant was aware of ***Muniz*** in 2018, as he filed a PCRA petition raising the same ***Muniz***-based sentencing claim as he sets forth in his present petition. Therefore, Appellant's reliance on ***Muniz*** cannot satisfy a timeliness exception or the requirements of section 9545(b)(2), and we lack jurisdiction to review the merits of his underlying issue.[3]

_____

[3] In any event, even if Appellant's petition were timely, no relief would be due. First, Appellant's 2018 petition raising this same ***Muniz***-based sentencing challenge was denied, and Appellant did not file an appeal. Therefore, his ***Muniz*** claim has been previously litigated, and it cannot entitle him to relief under the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(3) (directing that, to prove eligibility for PCRA relief, a petitioner must demonstrate that his claim has not been previously litigated or waived); 42 Pa.C.S. § 9544(a)(3) (stating that a claim has been previously litigated if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence"). Second, in response to ***Muniz***, our General Assembly amended SORNA in 2018, adding
*(Footnote Continued Next Page)*

Accordingly, as we agree with Attorney Hathaway that Appellant's appeal is meritless, we affirm the order denying his fourth PCRA petition, and we grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2022

---

Subchapter I to apply to those offenders who, like Appellant, committed their offenses prior to SORNA's 2012 enactment. *See* 42 Pa.C.S.A. §§ 9799.51-9799.75 (SORNA II). Subsequently, our Supreme Court held that Subchapter I's sex offender registration requirements are non-punitive and their application is not an *ex post facto* violation. ***See Commonwealth v. Lacombe***, 234 A.3d 602, 626-27 (Pa. 2020). ***See also Commonwealth v. Morgan***, 258 A.3d 1147, 1157 (Pa. Super. 2021) (holding "that [sexually violent predator] designations under Subchapter I of SORNA II are constitutional and do not violate the right to reputation under Pennsylvania's constitution"). Accordingly, because Appellant is now subject to the registration requirements set forth in Subchapter I of SORNA II, which are non-punitive, no PCRA relief would be due to him for this reason, as well.